```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

VICTOR SCROGGINS,

                Petitioner,

vs.                              Case No.  2:06-cv-127-FtM-29DNF

WALTER A. MCNEIL,[1] Secretary Florida
Department of Corrections,

                Respondents.
_____

## OPINION AND ORDER

Petitioner Victor Scroggins, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 9, 2006.[2] "Petition," Doc. #1. Petitioner challenges his 1999 state court judgment of conviction for Burglary of a Dwelling entered in the Twentieth Judicial Circuit, Collier County, Florida, at case no. 98-2336-CFA, for which he was sentenced as a violent career criminal, pursuant to Fla. Stat. § 775.084(1)(c), to forty years in prison.

---

[1] Walter A. McNeil, the current Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James McDonough, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The Petition was received and docketed by the Clerk of Court on March 13, 2006. Applying the mailbox rule, however, the Court finds that the Petition was filed on March 9, 2006, the date stamped by prison officials as received for mailing. Washington v. United States, 243 F.3d. 1299, 1301 (11th Cir. 2001).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

After being granted an extension of time, Respondent, the Secretary of the Florida Department of Corrections, filed a Response seeking dismissal of the Petition as time barred due to Petitioner's failure to comply with the one-year period of limitations as set forth in §2244(d). Motion to Dismiss, Response and Memorandum, (hereinafter "Response," Doc. #12), at 4-10. Respondent submits numerous exhibits[3] in support of the Response. See Appendix of Exhibits, Doc. #16. Petitioner was given admonitions and a time frame to respond to the Response. See Court's Order to Show Cause and Notice to Petitioner, Doc. #4. After being granted an extension of time, Petitioner submitted a Reply to the Response. See Reply to Response, Doc. #19. On May 7, 2008, Petitioner filed a Motion for Leave to file an Amended Reply. See Motion for Leave to Filed Amended Reply, Doc. #26. The Court, herein, grants Plaintiff's Motion for Leave to File An Amended Reply, and will deem Petitioner's Amended Reply as the operative responsive pleading to Respondent's Response. See Amended Reply to Respondent's Motion to Dismiss, with accompanying exhibits, Doc. #27.

Following a September 28, 1999 jury trial, Petitioner was adjudicated guilty of one count of burglary of a dwelling consistent with the jury's verdict and sentenced to forty years

---

[3] The Court will refer to Respondent's exhibits as "Exh."

imprisonment by the Twentieth Judicial Circuit Court on October 25, 1999. Exh. 1 at 108-125. On October 27, 1999, court appointed counsel filed a direct appeal on behalf of Petitioner. Id. at 39. On April 25, 2001, the Second District Court of Appeal affirmed Petitioner's conviction without opinion.[4] Exh. #11. On June 28, 2001 the Second District Court of Appeal denied Petitioner's motion for rehearing or clarification. Exh. #12. Thereafter, Petitioner filed a motion for reconsideration, which was denied by the Second District Court of Appeal on October 16, 2001. Exh. #13. Petitioner then filed a Motion for Certification, which was stricken by the Second District Court of Appeal pursuant to "Rule 9.330(a)(b)."[5] Exh. #14A-B.

Because Petitioner directly appealed his conviction and properly filed a motion for reconsideration regarding the denial of his appeal, his state conviction became final on September 27, 2001 (ninety days after entry of final judgment). See Chavers v. Sec'y, Fla. Dept. of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006); U.S.

---

[4]During the pendency of the appeal, Scroggins escaped from custody, was subsequently apprehended, and was charged with escape in case no. 99-02256, for which he was convicted and sentenced to a thirty year consecutive sentence. The State filed a Motion to Dismiss the appeal based upon Petitioner's escape, which was denied due to Petitioner's recapture. Exhs. #2-#6. Petitioner has filed a separate Petition for Writ of Habeas Corpus in connection with his escape conviction that remains pending in this Court at 2:06-cv-120-29DNF.

[5]Rule 9.330 of the Florida Rules of Appellate Procedure requires a motion for certification to be filed within 15 days of an order, and further prohibits the filing of more than one motion for rehearing or clarification. Fla. R. App. P. 9.330(a) and (b).

Supreme Court Rule 13.3.[6] This date is <u>after</u> the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from this date to file his Petition, or until September 28, 2002. Thus, the Petition, filed in this Court on September 9, 2006, is untimely, unless Petitioner has availed himself of one of the statutory provisions which extends or tolls the one-year time period.[7]

**The one-year federal limitations period ran for two-hundred and thirty-four (234) days** until Petitioner filed his first post-conviction motion in the form of a petition for writ of habeas corpus on May 20, 2002, alleging ineffective assistance of appellate counsel in connection with his direct appeal.[8] Exh. #15. After directing the State to file a response to the petition, Exh. #16, the Second District Court of Appeal denied the petition without opinion. <u>Scroggins v. State</u>, 833 So. 2d 136 (Fla. 2d DCA

---

[6] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

[7] Prior to the date Petitioner's conviction become final, court appointed counsel filed a Rule 3.800 motion to correct sentence, which was denied by the circuit court on November 20, 2000. Consequently, the filing of this Rule 3.800 motion has no bearing on the federal limitations period since the time period it was pending is subsumed into the period of Petitioner's direct appeal.

[8] The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

2002); Exh. #19.  On October 7, 2002, Petitioner's Motion for Rehearing was denied.  Exhs. #21 and #22.

**The one-year federal limitations period ran for another two-hundred and thirty-eight (238) days** until Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P. 3.850 on June 3, 2003, raising seven grounds of ineffectiveness of trial counsel. Ex. #23, Vol. I at 1-40.  The State filed a Response.  Id. at 83-109.  The Twentieth Judicial Circuit Court summarily dismissed Grounds six and seven of the motion, granted an evidentiary hearing on grounds one through five, and appointed collateral counsel to represent Petitioner at the hearing.  Id. at 119-210.  An evidentiary hearing was held on March 18, 2005.[9]  On May 5, 2005, the Twentieth Judicial Circuit Court entered an order denying grounds one through five of Petitioner's Rule 3.850 motion.  Id., Vol. II at 406-441.  Petitioner filed a Notice of Appeal on June 16, 2005.  Id. at 442.  The Second District Court of Appeal *per curium* affirmed in case number 2D05-3033.  Scroggins v. State, 833 So. 2d 136 (Fla. 2d DCA 2006); Exh. #29.  Mandate issued on March 17, 2006. Exh. #31.

**The one-year period of limitations ran again for one-hundred and seventy-five (175) days** until Petitioner filed his Petition in this Court on September 9, 2006.  Petitioner permitted a total of

---

[9]A copy of the transcript of March 18, 2005 Hearing in Case No. 9802336-CFA is attached at Exh. #23 as Vol. III.

six-hundred and forty-seven (647) days of untolled time to elapse before filing the instant federal Petition. In fact, the federal one-year statute of limitations already had expired before Petitioner filed his Rule 3.850 motion on June 3, 2003. Consequently, the Court finds the Petition is untimely.

Petitioner concedes that the Petition was untimely filed, but argues that it was untimely by only nine days. Amended Reply at 2. Petitioner contends that his conviction did not become "final" until mandate issued in his direct appeal. Id. Because the Florida Second District Court of Appeals allegedly failed to adhere to the State's procedural rules and failed to timely issue mandate after denying Petitioner's state habeas petition, Petitioner argues that he is entitled to benefits of the equitable tolling doctrine to excuse the nine-day delay.[10]  Id. at 7-8. The Court disagrees.

As noted earlier, under AEDPA, the one-year federal limitations period begins to run on the date on which a conviction becomes final "by conclusion of direct review or the expiration of

---

[10]Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Clearly, the burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted).

the time for seeking review." 28 U.S.C. §2244(d), *supra* at 2. A state prisoner's judgment of conviction becomes "final" when the U.S. Supreme Court denies *certiorari* or issues a decision on the merits, or when the 90-day period in which to file a *certiorari* petition expires. <u>Nix v. Sec'y for Dep't of Corr.</u>, 393 F.3d 1235, 1236-37 (11th Cir. 2004). This 90-day period runs from the date of entry of the judgment sought to be reviewed, <u>not from the issuance of the mandate</u> under local practice. <u>Chavers v. Sec'y for Dep't of Corr.</u>, 468 F.3d 1273, 1275 (11th Cir. 2006)(citing to Sup. Ct. R. 13.3). Consequently, the date that the Florida Second District Court of Appeals issued mandate in connection with Petitioner's *direct appeal* is of no consequence in calculating the date that a conviction under State law becomes final.

Thus, Petitioner has not shown any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Further, since tolling acts to "suspend" the limitations period, even if the Court tolled the period of time during which Petitioner was awaiting mandate from the Second District Court of Appeals in connection with his direct appeal, the Petition is nonetheless still untimely, albeit only by nine days. Therefore, this Court will dismiss this case pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

    1.   Petitioner's Motion for Leave to Filed Amended Reply (Doc. #26) is **GRANTED**.

    2.   The Petition is **DISMISSED as untimely**.

    3.   The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __29th__ day of May, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record